UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:                                                                             CASE NO.   15-50624
    ABL INDUSTRIES, LLC
            Debtor                                                        CHAPTER 11

*************************************************************************

MOTION FOR ORDER AUTHORIZING (I) CONTINUED USE OF EXISTING
BUSINESS FORMS AND RECORDS; (II) MAINTENANCE OF EXISTING
CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM; AND
(III) WAIVING REQUIREMENTS OF 11 U.S.C. § 345

      **NOW INTO COURT**, through undersigned counsel comes **ABL INDUSTRIES, LLC** (hereafter **"ABL INDUSTRIES"** or "**Debtor**"), as debtor-in-possession, files this Motion for Order Authorizing (I) Continued Use of Existing Business Forms and Records; (II) Maintenance of Existing Corporate Bank Accounts and Cash Management System; and (III) Waiving Requirements of 11 U.S.C. § 345 ("Motion"). In support of this Motion, LOCA represents:

1.

      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 134. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.

      On May 21, 2015 **ABL INDUSTRIES** filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. **ABL INDUSTRIES** continues to manage and operate its business as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.

      An official committee of unsecured creditors has not been appointed in this Chapter 11 case. Further, no trustee or examiner has been requested or appointed in this Chapter 11 case.

4.

Prior to commencing this case, in the ordinary course of business, **ABL INDUSTRIES** used a cash management system ("Cash Management System") to efficiently collect, transfer and disburse funds generated by its business operations. The Cash Management System consists of a checking account located at Chase Bank. This account is referred to here as the "Account" or "Bank Account."

5.

Upon information and belief, the Cash Management system is similar to those employed by business enterprises of size and complexity comparable to **ABL INDUSTRIES**.

7.

By this Motion, **ABL INDUSTRIES** requests, pursuant to 11 U.S.C. §§105(a), 345(b), 363(c) and Fed.R.Bank. Proc. 6003 and 6004, the entry of an order (i) authorizing **ABL INDUSTRIES** to continue using its existing business forms and records; (ii) authorizing **ABL INDUSTRIES** to maintain the Bank Account and Cash Management System; and (iii) in an abundance of caution, waiving, to the extent applicable, the requirements of 11 U.S.C. § 345(b).

8.

The Office of the United States Trustee ("U.S. Trustee") has established its guidelines for Chapter 11 debtors-in-possession ("the Guidelines") in order to supervise the administration of Chapter 11 Cases. The Guidelines required Chapter 11 debtors-in-possession to, among other things, close all existing bank accounts and open new debtor-in-possession bank accounts, establish one debtor-in possession account for all estate monies required for the payment of taxes (including payroll taxes), maintain a separate debtor-in-possession account for cash collateral and obtain checks for all debtor-in-possession accounts that bear the designation "debtor-in-possession,' the bankruptcy case number and the type of account. The Guidelines also

required debtors to close their books and records as of the Petition Date and to open new books and records. The Guidelines are designed to provide, among other things, a clear demarcation between pre-petition and post-petition transactions and operators, which would, in theory, prevent the inadvertent post-petition payment of a pre-petition claim.

9.

As set forth below, **ABL INDUSTRIES** seeks a waiver of certain of these requirements of the Guidelines. **ABL INDUSTRIES**'s operations would be harmed by the disruption, confusion, delay and costs that would most certainly result from rigid compliance with the Guidelines.

10.

Section 345(b) of the Bankruptcy Code provides as follows: "Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the Trustee shall require from an entity which such money is deposited or invested –

A Bond –

(A) In favor of the United States;
(B) Secured by the undertaking of a corporate surety approved by the United States Trustee for the district in which the case is pending; and
(C) Conditioned on
  (i) A proper accounting for all money so deposited or invested and for any return on any such money;
  (ii) Prompt repayment of such money in return; and
  (iii) Faithful performance of duties as a depositor; or
    2. The deposit of securities of the kind specified in Section 9303 of Title 31; unless the court for costs orders otherwise.

11.

Although **ABL INDUSTRIES** believes its account satisfies 11 U.S.C. § 345(b), out of an abundance of caution, **ABL INDUSTRIES** also requests a waiver, to the extent necessary, of the requirements of 11 U.S.C. § 345(b).

12.

**ABL INDUSTRIES** seeks a waiver of the Guidelines' requirement that it open a new set of books and records as of the Petition Date. Opening a new set of books and records would create unnecessary administrative burdens and hardships and would cause unnecessary expense, utilization of resources, and delay. **ABL INDUSTRIES**, in the ordinary course of its business, uses many invoices, stationary, and other business forms. By virtue of the nature and scope of the business in which **ABL INDUSTRIES** is engaged and the numerous other parties with whom it deals, **ABL INDUSTRIES** needs to use its existing business forms with alteration or change. Printing new business forms would take an undue amount of time and expense. Fulfillment of the requirement would likely delay the payment of post-petition claims and negatively affect operations and the value of the estate. Accordingly, **ABL INDUSTRIES** respectfully requests that it be authorized to continue to use its existing business forms and to maintain its existing business records.

13.

**ABL INDUSTRIES** respectfully requests authority to maintain the Bank Account and the Cash Management System in accordance with its usual and customary practices to ensure a smooth transition into Chapter 11 with minimal disruption to operations. **ABL INDUSTRIES** also requests authority to close any of the Bank Accounts if, in the exercise of its business judgment, **ABL INDUSTRIES** determines that such action is in the best interest of the estate.

14.

In order to conduct its post-petition business, **ABL INDUSTRIES** needs to be able to issue checks to vendors, service providers, employees, and others. To open new accounts and obtain new checks for those accounts would cause delay and disruption to **ABL INDUSTRIES**'s business and a delay in responding to funds needed for **ABL INDUSTRIES**'s operations. **ABL**

**INDUSTRIES** will add the designation "Debtor-in-Possession" to any checks in its possession and instruct its bank to add the designation to current and any future accounts.

15.

**ABL INDUSTRIES**'s Cash Management System constitutes an ordinary course, essential business practice providing significant benefits to **ABL INDUSTRIES**, including among other things, the ability to control funds, insure the availability of funds when necessary, and reduce costs and administrative expenses by facilitating the movements of funds the development of more timely and accurate account balance information. Any disruption of the Cash Management System could have a severe and adverse impact upon **ABL INDUSTRIES**'s reorganization efforts.

16.

The relief requested in this motion is vital to insuring **ABL INDUSTRIES**'s seamless transition into bankruptcy. Authorizing **ABL INDUSTRIES** to maintain its Cash Management System, as modified, will avoid many of the possible disruptions and distractions that could divert **ABL INDUSTRIES**'s attention from more pressing matters during the initial days of this Chapter 11 case.

17.

Pursuant to 11 U.S.C. § 105(a), **ABL INDUSTRIES** seeks a waiver of the requirements of 11 U.S.C. § 345(b). As discussed above, the Bank Account is maintained with a financial institution that is financially stable. **ABL INDUSTRIES** believes that its Bank Account is in fact an authorized depository in this and other jurisdictions. Out of an abundance of caution, however, **ABL INDUSTRIES** requests a waiver of the requirement to comply with 11 U.S.C. § 345(b) Investment Guideline, if necessary, as the deposit of funds should pose no substantial risk to **ABL INDUSTRIES**'s estate or creditors.

18.

Section 345(a) of the Bankruptcy Code authorizes deposits or investments of money of estates such as **ABL INDUSTRIES**'s cash in a manner that "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a).

19.

Due to significant amounts of money that may be in the Bank Account from time-to-time, it would take a large amount of time for **ABL INDUSTRIES** to locate and determine, where necessary, appropriate alternative accounts to satisfy 11 U.S.C. § 345(b). Requiring **ABL INDUSTRIES** to change its deposits and other procedures could result in harm to **ABL INDUSTRIES**, the estate, and creditors because such change would disrupt the Cash Management System. Conversely, **ABL INDUSTRIES**'s estate and creditors will not be harmed by **ABL INDUSTRIES**'s maintenance of the status quo because of the relatively same and prudent practices already utilized by **ABL INDUSTRIES**.

20.

For each of the foregoing reasons, a waiver of the requirement to comply with the investing Guidelines set forth in 11 U.S.C. § 345(b) should not pose any risk to **ABL INDUSTRIES**'s estate.

21.

Section 105 of the Bankruptcy Code provides in pertinent part that "(T)he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the title." 11 U.S.C. § 105(a). Courts have long recognized the power granted by § 105(a) was expressly meant to be exercised to effectuate the rehabilitation of the Debtor. See, e.g., *In re Ionosphere Clubs, Inc.*, 98 BR 174, 177 (Bankr. S.D.N.Y. 1989), citing *H.R. Rep. No. 595*, 95th Cong. 1st Sess. 16 (1977). The relief requested in this motion is critical to **ABL INDUSTRIES**'s

succession reorganization and is justified under 11 U.S.C. § 105(a).

22.

Extensive authority supports the relief **ABL INDUSTRIES** seeks in this motion. In other Chapter 11 cases, courts have recognized that strict enforcement of the U.S. Trustee requirement does not always serve the purposes of a chapter 11 bankruptcy. Accordingly, courts have often waive such requirements and replaced them with alternative procedures. See, e.g., *In re Manchester, Inc.* 08-30703 (Bankr. N.D. Tx); *In re Bombay Company*, 07-44084 (Bankr. N.D. Tx); *In re Mirant Corp.*, 03-46590 (Bankr. N.D. Tx); and *In re Kitty Hawk, Inc.*, 00-42141 (Bankr. N.D. Tx).

23.

Additionally, 11 U.S.C. § 363(c)(1) authorizes the debtor-in-possession to "use property of the estate in the ordinary course of business without notice or hearing." The purpose of § 363(c)(1) is to provide the debtor-in-possession with the flexibility to engage in the ordinary course transactions required to operate its business without unneeded oversight by its creditors or the court. *Med Malpractice Ins. Association v. Hirsch (In re Lavigne)*, 114 F.3rd 379, 384 (2nd Cir. 1997). Included within the purview of § 363(c) is a debtor's ability to continue the "routine transactions" necessitated by the debtor's Cash Management System." *Amdura National Distribution Company v. Amdura Corp.(In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996).

24.

Bankruptcy courts routinely permit chapter 11 debtors-in-possession to continue using their existing Cash Management System, generally treating requests for such leave as a relatively "simple matter." *In re Baldwin-United Corp.*, 79 BR 321, 327 (Bankr. S.D. Ohio 1987). See, also, *Official Committee of Unsecured Creditors v. Columbia Gas Sys., Inc. (In re Columbia Gas System, Inc.)* 997 F.2d 1039, 1061 (3rd Cir. 1993). Accordingly, **ABL INDUSTRIES** seeks authority under 11

U.S.C. § 363(c)(1) to continue the collection, concentration and disbursement, including intercompany transfers, of cash pursuant to its Cash Management System described above.

25.

Federal Rule of Bankruptcy Procedure 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the Petition, grant (b) a motion to use, sell, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the Petition…" **ABL INDUSTRIES** believes that it is in the best interest of the estate, all creditors and other parties in interest, including **ABL INDUSTRIES**'s suppliers and customers, to maintain the existing Cash Management System. In light of the substantial, immediate and irrevocable harm to **ABL INDUSTRIES**'s business operations that would result if its ability to manage its account is impaired, **ABL INDUSTRIES**'s admits that ample cause exists for immediate relief.

26.

Federal Rule of Bankruptcy Procedure 6004(h) provides that "an order authorizing the use, sale, or lease of property other than cash collateral, is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." For the reasons previously stated herein, **ABL INDUSTRIES** submits that there is ample cause to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies, with respect to such interim relief and with respect to final relief.

27.

No previous request for the relief sought herein has been made by **ABL INDUSTRIES** to this or any other court.

**WHEREFORE**, **ABL INDUSTRIES** respectfully requests this Court grant this Motion,

and enter an Order authorizing **ABL INDUSTRIES** to continue using its existing business forms and records, authorizing **ABL INDUSTRIES** to maintain its existing corporate Bank Account and Cash Management System, waiving the requirements of 11 U.S.C. § 345(b), and granting such other and further relief as the Court deems appropriate.

    Respectfully submitted,

THROUGH ITS ATTORNEY,
H. Kent Aguillard
141 S. 6th Street
P. O. Drawer 391
Eunice, Louisiana 70535
(337) 457-9331
Email - kaguillard@yhalaw.com
By:/s/ H. Kent Aguillard
LA Bar Roll #2354

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:                                              CASE NO. 15-50624
    ABL INDUSTRIES, LLC
        Debtor                                        CHAPTER 11

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

      I, Gina Neumeyer, do hereby certify that a copy of the Motion for Order Authorizing (I) Continued Use of Existing Business Forms and Records; (II) Maintenance of Existing Corporate Bank Accounts and Cash Management System; and (III) Waiving Requirements of 11 U.S.C. § 345 was served on Office of the U.S. Trustee, 300 Fannin Street, Suite 3196, Shreveport, LA 71101; either via U.S. Mail properly posted and addressed or through this Court's CM/ECF system this 22nd day of May, 2015.

                                                    */s/ Gina Neumeyer*
                                                    Gina Neumeyer.

\